(44 Misc. Rep. 521.)

### In re YOUNG.

(Supreme Court, Special Term, New York County. July, 1904.)

1. MUNICIPAL CORPORATIONS—COMMISSION—STENOGRAPHER'S SALARY.

Relator, applying for mandamus, was appointed stenographer to the municipal commission created by Laws 1893, p. 1156, c. 537, as amended by Laws 1894, p. 1307, c. 567, and Laws 1900, p. 1573, c. 729, under section 5 of the original act (page 1158); such appointment to date from June 5, 1893, and continuing during the pleasure of the commission. The commission resigned in September, 1902, on the apparent completion of their work, but the commission was revived in 1904. *Held*, that the stenographer, who was serving during the pleasure of the commission at a salary of $3,000 per year, was not entitled to compensation for the period during which there were no commissioners in office.

Application of Charles P. Young for writ of mandamus to William E. Stillings and others, commissioners, to compel them to certify relator's pay roll as stenographer. Granted in part.

Henry W. Herbert, for the motion.
John J. Delany, Corp. Counsel (Charles L. Guy, of counsel), opposed.

GIEGERICH, J. The petitioner seeks to compel the respondents to certify to the comptroller his pay roll as stenographer to the commission of which the respondents were members; the period for which compensation is thus sought extending from September 1, 1902, to April 20, 1904; the amount claimed being $4,916.66. The commission in question was created by chapter 537, p. 1156, of the Laws of 1893, and continued by amendments thereof made by chapter 567, p. 1307, of the Laws of 1894, and chapter 729, p. 1573, of the Laws of 1900, and by the provisions of various court orders subsequent to the latter date. The petitioner was appointed, pursuant to section 5 of the original act, as stenographer to the commission, on the 5th day of June, 1893, said

appointment "to continue during the pleasure of the commission," and his compensation was fixed at a stated rate per folio for the minutes taken. Subsequently, and on March 8, 1895, on the suggestion of the then comptroller of the city, the relator's compensation was fixed at the rate of $3,000 per annum, which was much less than his compensation had averaged at the folio rate. There seem to have been various changes in the personnel of the commission from time to time, all of which are not very clearly set forth, and probably are not important, in view of the disposition I have decided to make of the case. On September 2, 1902, the then commissioners addressed a letter of resignation to the mayor, to take effect at his pleasure, which resignation, by letter dated September 12, 1902, was accepted by the mayor, to take effect on the 15th of that month; the work of the commission being therein referred to as terminated. From that date until the 18th day of April, 1904, it is not shown that there were any commissioners in office; but it does appear that on the last-mentioned date a regular meeting was held, and that on the 20th of April, 1904, a resolution was adopted appointing one Henderson as stenographer to the commission. The motion is resisted on the ground that compensation is sought for a period during a portion of which, at least, there were no commissioners in existence, and no duties to be performed. In support of the motion, it is replied that after the relator had once been appointed to the position he remained in office, notwithstanding the resignation of the commissioners, just as the attachés of a court would continue in office although the judges might resign and their places not be at once filled. I cannot accede, however, to the argument that the relator's employment was of such a character as to constitute an office with such attributes of permanency as to entitle him, upon the facts now shown, to compensation during the period when there were no commissioners in existence, and when the work of the commission had apparently been completed, and it was not known that any further work would ever become necessary, or that any successors would ever be appointed to take the places of the commissioners who resigned and went out of office in September, 1902. If no successors ever had been appointed, it could surely not be claimed that the relator would be entitled indefinitely to receive salary. The fact that subsequent events rendered necessary the revival of the functions of the commission for certain purposes ought not to have the effect of operating back, and giving the relator a right which he would not have possessed, had no such revival ever been made. I have therefore decided to deny this application, except as to the period from September 1 to September 15, 1902, without costs.

Ordered accordingly.